```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

| | |
|---|---|
| STEVE ONIEL STEPHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-3185 NCC |
| ) | |
| ACADEMI CO., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Steve Oniel Stephens for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. Furthermore, after reviewing the complaint, the Court will direct plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### The Civil Complaint

Plaintiff filed this action on December 2, 2019, against defendants Academi Corporation, Lieutenant Sarah Unknown, Commander Edward Unknown and Commander Scott Unknown. He states that defendant Academi Corporation is located in Reston, Virginia, but he has not identified the citizenship of the corporation. Plaintiff has not identified the citizenship of the other defendants in this action.

> Plaintiff's allegations in his complaint are as follows:
>
> Academi Corporaton: Academi Corporation is not providing information about my entitlement to a trust after hiring them to properly locate information needed to claim my rightful ownership of the trust. Arguing over legal custody for a trust.

For relief in this action, plaintiff seeks "release [of] information needed to claim [his] stake in a trust" and proof of power of attorney.

**Discussion**

Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

There is no indication that diversity exists in this case. Plaintiff has not identified the citizenship of the four defendants in this case, nor has he alleged that the amount in controversy exceeds $75,000. As a result, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Additionally, the Court will deny plaintiff's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing,* 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams,* 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson,* 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiff must show cause no later than **twenty-one (21) days** from the date of this Order as to why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED**.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 4th day of December, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE